**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO AVIANTO, | No. 12-71283 |
| Petitioner, | |
| v. | Agency No. A099-777-203 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Hugo Avianto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The agency denied Avianto's claim on credibility grounds and on the merits. With respect to the harms Avianto suffered from his ex-wife and her family, substantial evidence supports the agency's conclusion that Avianto did not establish past persecution or a well-founded fear of future persecution, because he failed to show the government was unwilling or unable to protect him. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1080-82 (9th Cir. 2011). With respect to the 1997 motorcycle attack, the harm Avianto's family suffered during the 1998 riots, and the 2002 bombing of Avianto's church, substantial evidence supports the agency's conclusion that Avianto failed to establish these incidents rose to the level of persecution, even considered cumulatively. *See Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the agency's conclusion that Avianto failed to establish a well-founded fear of persecution based on these incidents. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future harm is too speculative). Accordingly, even if credible, Avianto's asylum claim fails.

Because Avianto failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye*

*v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Avianto has not "specifically and distinctly argued and raised" the issue of CAT relief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to raise a claim results in waiver) (quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**